**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-C-7111 |
| | ) | Judge Bucklo |
| TRIPPIES, INC., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT TRIPPIES, INC.'S MOTION TO DISMISS**

Defendant, TRIPPIES, INC. ("Trippies"), by and through its attorneys SmithAmundsen LLC., moves this Honorable Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) because venue is improper in the Northern District of Illinois. In support of its Motion, Trippies states as follows:

**<u>INTRODUCTION</u>**

This Court should dismiss Plaintiff Native American Arts, Inc.'s (hereinafter "NAA") Complaint because venue in the United States District Court, Northern District of Illinois, Eastern Division, is improper pursuant to 28 U.S.C. § 1391(b) since the substantial portion of events giving rise to this cause of action occurred in Ohio. Nearly every fact alleged by NAA regarding Trippies' purported violations of the Indian Arts and Crafts Act (25 U.S.C. § 305 *et seq.*) is based upon products previously advertised or sold on Trippies' website, in its product catalogs, and at six tradeshows located in Illinois. The product catalog and website, however, is where the substantial portion of alleged violations of the Indian Arts and Crafts Act ("IACA") took place. Trippies maintained, controlled, and created its website and product catalogs from

offices located in Ray, Ohio, Columbus, Ohio, and Portsmouth, Ohio. Though Trippies attended tradeshows in Illinois, it only did so approximately seven times per year. For this reason, and as more fully set forth below, this Court should dismiss this cause of action pursuant to Fed. R. Civ. P. 12(b)(3) because the substantial portion of events giving rise to this cause of action did not occur within the jurisdiction of the Northern District of Illinois.

Alternatively, this Court should transfer this cause of action to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a) because doing so would best serve the convenience of the parties, witnesses and the interest of justice. The facts in this case demonstrate that: (1) the majority of the events which were the basis for this action occurred in Ohio; (2) Trippies operated its business from its offices in Ray, Ohio, and Columbus, Ohio; (3) the product catalogs were created by MP Printing & Design in Portsmouth, Ohio; (4) the witnesses that provide the most substantive testimony reside in the Southern District of Ohio; and (5) the business and website records of Trippies are located in Ray, Ohio and Columbus, Ohio. For these reasons, pursuant to 28 U.S.C. § 1404(a) even if venue is proper under 28 U.S.C. § 1391(b) this Court should transfer this case to the United States District Court, Southern District of Ohio.

**BACKGROUND**

1.    On December 18, 2007, NAA filed a Complaint against Trippies for allegedly violating the IACA and seeks: damages in excess of $25,000,000; attorney's fees; a temporary restraining order; a preliminary injunction; and a permanent injunction, against Trippies. (Complaint at ¶¶ 1, 31-35) (Attached as Exhibit A to this motion is a true and accurate copy of NAA's Complaint).

2.      NAA alleges that beginning on December 31, 2004, Trippies violated the IACA by offering, displaying for sale or selling goods in a manner that falsely suggested that the goods were either (1) Indian produced, (2) an Indian product, or (3) the product of a particular Indian, tribe or Indian arts and crafts organization.  (Ex. A at ¶¶ 8, 10).

3.      NAA also claims that Trippies marketed and sold goods on its website and in product catalogs "in a manner which falsely suggested they are Indian made."  (Ex. A at ¶ 9, 10).

4.      The averments in the NAA Complaint additionally allege that "on January 9-11, 2007; April 11-13, 2007; July 11-13, 2007; September 16-18, 2007; October 24-26, 2007; December 2-4, 2007; and on other dates, possibly since December 31, 2004, Defendant offered, advertised, marketed and displayed for and sold goods at trade shows in Illinois…"  (Ex. A at ¶ 14).

5.      Section 305e(a) of the IACA provides a cause of action for misrepresentation of Indian produced goods and states, in pertinent part, that:

> A person specified in subsection (c) of this section may, in a civil action in a court of competent jurisdiction, bring an action against a person who directly or indirectly offers or displays for sale or sells a good, with or without a Government trademark, in a manner that falsely suggests it is Indian produced, and Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization, resident within the United States.

25 U.S.C. § 305e(a).

Section 305(e)(c) states, in pertinent part that:

(1) A civil action under subsection (a) of this section may be commenced:

> (A)      by the Attorney General of the United States upon request of the Secretary of the Interior on behalf of an Indian who is a member of an Indian tribe or on behalf of an Indian arts and crafts organization;

        (B)    by an Indian tribe on behalf of itself , an Indian who is a member of the tribe, or on behalf of an Indian arts and crafts organization; or

        (C)    by an Indian arts and crafts organization on behalf of itself, or by an Indian on behalf of himself or herself.

25 U.S.C. § 305e(c).

6.      NAA alleges that it is an arts and crafts organization composed of members of the Ho-Chunk Nation with its headquarters located in Illinois.  (Ex. A at ¶ 3).

7.      Trippies was a family-run wholesaler and supplier of various products, including but not limited to figurines and statues, that was incorporated under the laws of the State of Ohio and had its principal place of business also located in Ohio.  (Ex. B at ¶¶ 1-2)(Attached as Exhibit B to this motion is a true and accurate copy of the Affidavit of Kenneth Triplett).

8.      On December 10, 2007, Trippies sold the business to an investment group.  Therefore, Trippies is no longer an active corporation.  (Ex. B at ¶ 14).

9.      The corporate headquarters of Trippies was located at 287 Elam Road, Ray, Ohio 45672.  The physical structure of the Trippies corporate headquarters included a 258,000 square foot warehouse/office where Trippies stored its entire inventory.  (Ex. B at ¶¶ 4-5).

10.     All products sold on behalf of Trippies were shipped to customers from its corporate headquarters located in Ray, Ohio.  (Ex. B at ¶ 5).

11.     Ray, Ohio is located within the jurisdiction of the Southern District of Ohio.

12.     Trippies hired Edward Marshall from MP Printing & Design ("MP Printing") to produce an annual catalog of its products.  MP Printing is located at 4302 Gallia Street,

Portsmouth, Ohio 45662. Portsmouth, Ohio is located within the jurisdiction of the Southern District of Ohio. (Ex. B at ¶ 8).

13.    Mr. Marshall created the catalog by photographing Trippies' products and including information such as: 1) the product's identification number; 2) the size of the product; 3) a generic description of the product; and 4) the price of each product. (Ex. B at ¶ 9).

14.    A Trippies employee named Steven Sutherland maintained and controlled a website located at www.trippies.com ("Trippies website"). The Trippies website was only accessible to individuals who registered with Trippies. Registered users were given a unique login and password in order to access the Trippies website. (Ex. B at ¶¶ 10, 12-13).

15.    Registered users could only purchase products on the Trippies website if they spent more than $200.00. (Ex. B at ¶ 13).

16.    Mr. Sutherland's duties included: uploading photographs of the Trippies products onto the Trippies website; drafting generic product descriptions; and handling on-line sales orders. (Ex. B at ¶ 11).

17.    Trippies owned another warehouse located at 765 N. Hague Road, Columbus, Ohio 43204, and 1819 Wolcott Road, Columbus, Ohio 43228. Trippies also leased a showroom in DesPlaines, Illinois and Atlanta, Georgia where it displayed samples of its products. These showrooms were only open to the trade, not the general public, approximately seven times per year. (Ex. B at ¶¶ 6, 7).

18.    While in existence, the corporate officers included Kenneth Triplett, Richard Triplett, and Robert Triplett. (Ex. B at ¶ 3).

19.     All records related to the Trippies website, the business operations of Trippies and its financial records are currently located in Ray, Ohio and Columbus, Ohio.  (Ex. B at ¶ 15).

**ARGUMENT**
**I.**
**THIS COURT SHOULD DISMISS THIS CAUSE OF ACTION BECAUSE VENUE IS IMPROPER IN THE NORTHERN DISTRICT OF ILLINOIS.**

Venue in the Northern District of Illinois is improper pursuant to 28 U.S.C. § 1391(b) because the substantial portion of events or omissions giving rise to this action and the substantial part of the property that is the subject of this action are located in Ohio.  Since NAA brings this cause of action under the IACA, a federal act, venue is proper only in:

1)     a judicial district where any defendant resides, if all defendants reside in the same State;

2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

3)     a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

When applying the facts of this case to § 1391(b), subparagraph (1) does not apply since Trippies is not an Illinois corporation with its principal place of business also located in Illinois. In addition, subparagraph (3) is inapplicable since venue would be proper in Ohio where Trippies' principal place of business and state of incorporation are located.  Furthermore, venue is not proper in the Northern District of Illinois under subparagraph (2) because the substantial part of events that are the subject of this action did not occur in the Northern District of Illinois.

Almost every fact alleged in NAA's Complaint occurred in Ray, Ohio, Columbus, Ohio, or Portsmouth, Ohio, which are cities located within the jurisdictional limits of the United States District Court, Southern District of Ohio.  This is demonstrated in that the Complaint alleges that

Trippies falsely suggested that particular products represented on its website and in its catalogs were made by Native Americans in violation of the IACA. (Ex. A at ¶¶ 5, 8-15). The products advertised through these mediums, however, were created from Trippies' office located in Columbus, Ohio and the MP Printing office located in Portsmouth, Ohio. (Ex. B at ¶¶ 8, 10). Both offices are located within the jurisdiction of the Southern District of Ohio.

Trippies hired Edward Marshall of MP Printing to create product catalogs to be distributed to previous and potential customers. (Ex. B. at ¶ 8). As the creator of Trippies' catalogs, Mr. Marshall photographed products to include in the catalogs along with: 1) a product identification number; 2) the size of a product; 3) a generic description of the product; and 4) the price of a product. (Ex. B at ¶ 9). The catalogs were created from MP Printing's office located in Portsmouth, Ohio which is in the Southern District of Ohio. (Ex. B at ¶ 8). In addition, the Trippies website that allegedly displayed products in violation of the IACA was at all times maintained and controlled from the Trippies office located in Columbus, Ohio by a Trippies employee named Steven Sutherland. (Ex B. at ¶ 10). In his capacity, Mr. Sutherland uploaded photographs of Trippies products onto the Trippies website; drafted generic descriptions of Trippies products; and handled on-line sales received from registered customers. (Ex. B at ¶ 11). Any alleged suggestion or omission that products were made by "Native Americans" or "Indians" in violation of the IACA, therefore, was created by Mr. Marshall or Mr. Sutherland in Columbus, Ohio and Portsmouth, Ohio.

Though NAA alleges that Trippies displayed for sale products in violation of the IACA at showrooms located in Illinois, all financial transactions and product shipments related to these orders occurred out of Ray, Ohio. Trippies leased space in Illinois in order to display its products for customers in those regions, however, Trippies only utilized that space

approximately seven times per year. (Ex. B at ¶ 7). As a result, only a minute amount of advertisement and sales occurred in Illinois. The majority of the alleged violations came through advertisements and sales from its product catalogs and the Trippies website which were all created and maintained in the Southern District of Ohio.

Furthermore, the records related to the product catalogs, Trippies website, and out-of-state tradeshows are located in Ray, Ohio and Columbus, Ohio. (Ex. B at ¶ 15). This Court, therefore, should find that venue is improper in the Northern District of Illinois because the substantial portion of events and omissions pertaining to this Complaint, in addition to all relevant records, are located in Ohio.

## II.

### ASSUMING THIS COURT FINDS THAT VENUE IS PROPER, IT SHOULD NONETHELESS TRANSFER THIS CAUSE OF ACTION TO THE SOUTHERN DISTRICT OF OHIO.

Even if this Court finds that venue is proper under 28 U.S.C. § 1391(b)(2), this cause of action should nonetheless be transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a) because: venue is proper in Ohio; and the transfer will serve the convenience of the parties, witnesses, and the interest of justice. A district court may transfer a case pursuant to 28 U.S.C. § 1404(a) if: 1) venue is proper in the transferor district; 2) venue is proper in the transferee district; and 3) the transfer would serve the convenience of the parties, witnesses, and the interest of justice. *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004).

### A.    VENUE IS PROPER IN THE SOUTHERN DISTRICT OF OHIO PURSUANT TO 28 U.S.C. § 1391(b)(1)&(2).

Pursuant to 28 U.S.C. § 1391(b), venue is proper only in: a judicial district where any defendant resides; or a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.  28 U.S.C. § 1391(b)(1)(2).  The only defendant named in this cause of action is Trippies which was an Ohio corporation with its principal place of business also located in Ohio. (Ex. B at ¶¶ 2).  Its headquarters was located at 287 Elam Road, Ray, Ohio 45672, with additional offices located in Columbus, Ohio.  (Ex. B at ¶ 4).  Both Ray, Ohio and Columbus, Ohio are under the jurisdiction of the Southern District of Ohio.  As a result, venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b)(1) since Ray, Ohio and Columbus, Ohio was where Trippies resided.

In addition, venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) because the substantial part of the events or omissions alleged in NAA's Complaint occurred in Ohio.  As discussed *supra*, NAA alleges in its Complaint that Trippies falsely suggested that particular goods represented on its website were made by "Native Americans" or "Indians" in violation of the IACA.  (Ex. A at ¶ 8, 13).  Steven Sutherland who was an employee of Trippies at its Columbus, Ohio office maintained and controlled the Trippies website.  (Ex. B at ¶ 10).  Any alleged false suggestion, therefore, that violated the IACA occurred outside the Northern District of Illinois.

Furthermore, NAA alleges in its Complaint that Trippies violated the IACA by displaying for sale and selling goods "directly or indirectly arising from the nationwide dissemination of catalogs, brochures, and sales literature…"  (Ex. A at ¶ 10).  Trippies produced product catalogs that were annually distributed to previous and prospective customers while the business was in operation.  (Ex. B at ¶ 8).  The product catalogs were created by Edward Marshall of MP Printing from his offices located in Portsmouth, Ohio.  (Ex. B at ¶ 8, 9).  Mr. Marshall photographed the products displayed in the Trippies product catalogs along with:

generic product descriptions; product prices; and sizes. (Ex. B at ¶ 9). All information included in the product catalogs, therefore, occurred in the Southern District of Ohio.

Finally, NAA alleges that Trippies advertised, displayed for sale, and sold products in violation of the IACA at tradeshows in Illinois approximately six times. (Ex. A at ¶ 14). Though Trippies leased space in Illinois while in business, it only utilized the space to display its products approximately seven times per year. (Ex. B at ¶ 7). As a result, the substantial portion of events giving rise to this cause of action occurred in Ohio within the jurisdiction of the Southern District. This Court should, therefore, find that venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2)

**B.    TRANSFERRING TO THE SOUTHERN DISTRICT OF OHIO WOULD SERVE THE CONVENIENCE OF THE PARTIES, WITNESSES, AND THE INTEREST OF JUSTICE.**

This Court should transfer this cause of action to the Southern District of Ohio because doing so would serve the convenience of the parties, witnesses, and the interest of justice. A district court, in evaluating the convenience of the parties and witnesses, should consider the: (1) situs of the material events; (2) relative ease of access to the sources of proof; (3) convenience of the parties and witnesses; and (4) plaintiff's choice of forum. *Genden v. Merrill Lynch, Pierce, Fenner & Smith*, 621 F. Supp 780, 782 (N.D. Ill. 1985). Less weight is given to the plaintiff's choice of forum, however, where another jurisdiction bears a stronger relationship to the cause of action. *Deist v. Washington Univ. Med. Ctr.*, 385 F. Supp. 2d 772, 773 (S.D. Ill. 2005).

In addition, when examining the interest of justice, a district court should consider: 1) whether the transfer promotes the "efficient administration of justice;" 2) whether the jurors in a district have a financial interest in the cause of action; 3) whether the action could be consolidated; 4) whether judges in the transferee state are more familiar with state law; and 5)

the district where jurors could "best apply the community standards." *Native Am. Arts v. Specialty Merchandise Corp.*, No. 05 C 952, 2005 U.S. Dist. LEXIS 22056, at *7 (N.D. Ill. September 29, 2005)(Attached as Exhibit C to this motion is a true and correct copy of the court's decision in *Native Am. Arts v. Specialty Merchandise Corp.*).

In *Specialty Merchandise Corp.*, this Court addressed the exact issues presented by Trippies and found that transfer was appropriate pursuant to 28 U.S.C. § 1404(a).   The defendants in *Specialty Merchandise Corp.* were named in a lawsuit by NAA for falsely suggesting that their goods were made by Native Americans in violation of the IACA.  *Id.* at *1, *2.  The defendants filed a motion to dismiss and, in the alternative, a motion to transfer venue. *Id.* at *2.  The defendants argued that the convenience of the parties, witnesses, and the interest of justice would be better served in a California district court.  *Id.* at *6, *7.

This Court agreed that it was more convenient to litigate the matter in a California district court since all of defendants' employees, former employees, and potential witnesses resided in California and would need to travel to Illinois to defend the action.  *Id.* at *6.  In so holding, this Court placed heavy emphasis on the fact that: 1) the majority of the events which were the basis for the action occurred in California; 2) the business operations of the defendants occurred in California; and 3) all of the records that would be used as evidence were located in California. *Id.* at *7.  Furthermore, this Court held that the interest of justice would be best served in a California district court because the records and witnesses would be "readily available" without the risk of delays associated with travel.  *Id.* at *8.

Like *Specialty Merchandise Corp.*, this Court should find that the Southern District of Ohio would best serve the convenience of the parties, witnesses, and the interest of justice because the events related to this litigation and all of the records are located in Ohio.  The

allegations in NAA's Complaint rely upon what was represented on the Trippies website, in its product catalogs, and at out-of-state tradeshows. (Ex. A at ¶¶ 8-14). All records related to these aspects of the company, including the financial records, are located in Ray, Ohio and Columbus, Ohio. (Ex. B at ¶15). In addition, the Trippies website was maintained by Steven Sutherland in Columbus, Ohio, while the product catalogs were created by Edward Marshall of MP Printing in Portsmouth, Ohio. (Ex. B at ¶ 8, 10). Even though Trippies leased space in Illinois, it only utilized the space approximately seven times per year. (Ex. B at ¶ 7). Therefore, the substantial portion of events related to this claim and all of the records that would be used for trial are located outside Illinois in the State of Ohio.

Similarly, the most substantive testimony providing insight into whether a violation of the IACA occurred would come from witnesses residing in Ohio who possess the most knowledge regarding the website and product catalogs. These witnesses include Steven Sutherland and Edward Marshall. Steven Sutherland is a former employee of Trippies that uploaded photographs of Trippies products onto the Trippies website and handled on-line sales. (Ex. B at ¶ 11). Mr. Sutherland will be able to provide the most substantive testimony regarding products allegedly displayed and sold on the Trippies website in violation of the IACA and whether any unqualified use of the words "Native American" or "Indian" were ever used on the websites.

In addition, Edward Marshall was hired by Trippies to create annual product catalogs that were distributed to customers on behalf of Trippies. (Ex. B at ¶ 9). Mr. Marshall photographed the products displayed in the product catalogs and included: 1) generic product descriptions; 2) product pricing; and 3) product sizes. (Ex. B at ¶ 9). The testimony provided by Mr. Marshall

will relate to the products allegedly sold in violation of the IACA and whether any unqualified use of the words "Native American" or "Indian" were ever used.

The interest of justice is, therefore, best served if this case is transferred to the Southern District of Ohio because, like *Specialty Merchandise Corp.*, it promotes the efficient administration of justice.  All of the business records, website records, and witnesses providing the most substantive testimony are located in Ohio.  There would be no risk, therefore, of unnecessary delays in transporting either witnesses or documents should this Court transfer this case to the Southern District of Ohio.  Furthermore by transferring this cause of action to the Southern District of Ohio, there would be far less difficulty for the above-mentioned witnesses to participate in the action due to their close proximity to the Court.

Therefore, convenience of the parties, witnesses, and the interest of justice would best be served if this Court transferred the cause of action to the Southern District of Ohio since: 1) the situs of material events; 2) the business operations and records used for trial; and 3) the witnesses providing the most significant testimony reside within the jurisdiction of the Southern District of Ohio.

**WHEREFORE**, Defendant, TRIPPIES, INC. prays that this Honorable Court enter an Order:

A.          Dismissing Plaintiff Native American Arts, Inc.'s Complaint; or

B.          In the alternative, transferring this cause of action to the United States District Court for the Southern District of Ohio; and

C.          Granting any such other relief that this Court deems just.

Dated: March 6, 2008.

Respectfully submitted,

TRIPPIES, INC.


By:    /s/ John D. LaBarbera
         One of the Attorneys for Defendant

John D. LaBarbera (ARDC # 6274012)
Robert D. Boroff (ARDC # 6289100)
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
Phone: (312) 894-3200
FAX:   (312) 894-3210