**FILED**

DEC 1 8 2007   NK

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIVE AMERICAN ARTS, INC.,

        Plaintiff,

v.

TRIPPIES, INC.,

        Defendant.

07CV 7111
JUDGE BUCKLO
MAGISTRATE JUDGE MASON

)
)
)

Jury Trial Demanded

## COMPLAINT

## COUNT I

### (Indian Arts and Crafts Act)

NOW COMES Plaintiff, Native American Arts, Inc., by its attorneys, Michael Patrick Mullen and Scott M. Kolosso of the law firm of Mullen & Foster, and for its Complaint against Defendant Trippies, Inc. (hereafter "Trippies"), states as follows:

1.     This is a suit brought under 25 U.S.C. §305, et seq., and §305e, The Indian Arts and Crafts Act of 1990, and The Indian Arts and Crafts Enforcement Act of 2000 (collectively the "IACA") and jurisdiction is based upon that Federal statute under 28 U.S.C. § 1331 and pendent jurisdiction.

2.     Venue lies in the Northern District of Illinois, where Defendant conducts business and engages in advertising, marketing, promotion, display and sales of the products alleged herein in the Northern District of Illinois, sold goods into and shipped goods into the Northern District of Illinois, and where most of the events alleged occurred, including but not limited to where the products were purchased from, where marketing and advertising materials were viewed and where the injury occurred.

EXHIBIT
**A**

1

3.     Native American Arts, Inc. ("Native American Arts") is a wholly Indian owned arts and crafts organization involved in the manufacture, distribution and sale of authentic Indian arts and crafts with its headquarters in the Northern District of Illinois and is composed of members of the Ho-Chunk Nation, an Indian tribe recognized by the U.S. Government. Native American Arts meets the definition of an Indian arts and crafts organization as defined in Title 25 U.S.C. §305e and §305 et. seq. Native American Arts has standing to bring this action under the Indian Arts and Crafts Enforcement Act of 2000.

4.     Defendant is a company principally located in Columbus, Ohio with offices in Des Plaines, Illinois. Trippies is a retailer, wholesaler and/or supplier engaged in offering, displaying for sale and selling arts, crafts and artworks, including but not limited to products in a traditional Indian style, motif and design, throughout the United States and in the Northern District of Illinois.

5.     Title 25 U.S.C. §305 et. seq. prohibits a person from directly or indirectly offering or displaying for sale or selling goods in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States and provides for an action against such a person by an Indian arts and crafts organization.

6.     An Indian product for purposes of 25 U.S.C. §305e, et. seq. is defined in regulations promulgated by the Secretary of the Interior as including artworks that are in a traditional Indian style or medium.

7.     Defendant is not an Indian, member of an Indian tribe, recognized Indian artisan or Indian arts and crafts organizations as those terms are defined in 25 U.S.C. §305e and §305, et. seq.

2

8.    At all times relevant hereto, including the dates of purchases alleged herein and for a period of time prior thereto, and possibly since December 31, 2004, Defendant has directly or indirectly offered or displayed for sale or sold multiple quantities of various goods in a manner that falsely suggests they are Indian produced, an Indian product, or the product of a particular Indian or particular Indian tribe or Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts, and jewelry in a traditional Indian style or medium, in violation of the IACA, Title 25 U.S.C. §305, et seq., §305e, and the regulations promulgated thereunder.

9.    For substantial periods of time, and possibly since December 31, 2004, and continuously thereafter to the present date, Defendant advertised, marketed, offered and displayed for sale and sold goods on the Internet through its website, www.trippies.com, in a manner which falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States, including products consisting of art, crafts, and artworks in a traditional Indian style or medium.

10.   For substantial periods of time, and possibly since December 31, 2004, and continuously thereafter to the present date, Defendant advertised, marketed, offered and displayed for sale and sold goods directly or indirectly arising from the nationwide dissemination of catalogs, brochures, and sales literature which advertised, marketed, offered and displayed for sale and sold goods in a manner which falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States, including, but not limited to, products in a traditional Indian style or medium.

3

11.     Defendant's advertisement and nationwide dissemination of catalogs, brochures, and sales literature included, but was not limited to, the distribution of said materials via mailing lists, Internet website and distribution of catalogs.

12.     On March 20, 2007, and for substantial periods of time, possibly since December 31, 2004 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its website in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium, including:

(a)     Artwork, consisting of a Native American Figurine in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made.   A picture of said product is attached hereto as Exhibits **A** and **A-1**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(b)     Artwork, consisting of a Native American Drum in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the product is Indian or Native American made.   A picture of said product is attached hereto as Exhibit **B**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(c)     Artwork, consisting of a Native American Drum in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the product is Indian or Native American made.   A picture of said

4

product is attached hereto as Exhibit C, which product is now in the possession of Native American Arts and will be produced for display upon request.

(d)     Artwork, consisting of a Native American Sculpture in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made.  A picture of said product is attached hereto as Exhibits D and D-1, which product is now in the possession of Native American Arts and will be produced for display upon request.

(e)     Artwork, consisting of a Native American Figurine in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made.  A picture of said product is attached hereto as Exhibits E and E-1, which product is now in the possession of Native American Arts and will be produced for display upon request.

(f)     Artwork, consisting of a Native American Doll in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. Pictures of said product is attached hereto as Exhibits F and F-1, which product is now in the possession of Native American Arts and will be produced for display upon request.

(g)     Artwork, consisting of a Native American Doll in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made.  Pictures of said product is attached hereto as Exhibits G and G-1, which

product is now in the possession of Native American Arts and will be produced for display upon request.

(h)    Artwork, consisting of a Native American Doll in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made.  Pictures of said product is attached hereto as Exhibits **H** and **H-1**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(i)    Artwork, consisting of a Native American Moccasin in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the product is Indian or Native American made.  Picture of said product is attached hereto as Exhibit **I**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(j)    Artwork, consisting of a Native American Moccasin in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the product is Indian or Native American made.  Picture of said product is attached hereto as Exhibit **J**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(k)    Artwork, consisting of a Native American Moccasin in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the product is Indian or Native American made.  Picture of said product is attached hereto as Exhibit **K**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(l)     Artwork, consisting of a Native American Mandella in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit **L**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(m)     Artwork, consisting of a Native American Mandella in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit **M**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(n)     Artwork, consisting of a Native American Mandella in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit **N**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(o)     Artwork, consisting of a Native American Tomahawk in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibits **O** and **O-1**, which products are now in the possession of Native American Arts and will be produced for display upon request.

(p)     Artwork, consisting of a Native American Vase in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials

7

make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibits P and P-1, which product is now in the possession of Native American Arts and will be produced for display upon request.

(q)    Artwork, consisting of a Native American Sculpture in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit Q and Q-1, which product is now in the possession of Native American Arts and will be produced for display upon request.

(r)    Artwork, consisting of a Native American Peace Pipe in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit R, which product is now in the possession of Native American Arts and will be produced for display upon request.

(s)    Artwork, consisting of a Native American Peace Pipe in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibits S and S-1, which product is now in the possession of Native American Arts and will be produced for display upon request.

(t)    Artwork, consisting of a Native American Figurine in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials

8

make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibits **T** and **T-1**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(u)    Artwork, consisting of a Native American Lamp in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibits **U** and **U-1**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(v)    Artwork, consisting of a Native American Vase in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibits **V** and **V-1**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(w)    Artwork, consisting of a Native American Vase in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibits **W** and **W-1**, which product is now in the possession of Native American Arts and will be produced for display upon request.

9

(x)   Artwork, consisting of a Native American Vase in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibits **X** and **X-1**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(y)   Artwork, consisting of a Native American Vase in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibits **Y** and **Y-1**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(z)   Artwork, consisting of a Native American Figurine in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibits **Z** and **Z-1**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(aa)   Other traditional Indian style or design arts, crafts and artworks in a traditional Indian style or medium.

13.   On March 20, 2007 and for substantial periods of time, possibly since December 31, 2004 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its website, www.trippies.com, in a manner that falsely

suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium in response to search term and customer request for products including but not limited to "Indian".

14.    On January 9-11, 2007; April 11-13, 2007; July 11-13, 2007; September 16-18, 2007; October 24-26, 2007; December 2-4, 2007; and on other dates, possibly since December 31, 2004, Defendant offered, advertised, marketed and displayed for sale and sold goods at trade shows in Illinois, in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium.

15.    The products alleged herein are traditional Indian products embodying traditional Indian styles, motifs and designs, traditionally made by Native Americans, and were falsely suggested to be Indian-made Indian products and these products were advertised, marketed, and sold as such, including advertising and marketing these products with other Indian style products suggested to be Indian products, or Indian, or Native American made.

16.    Any unqualified use of the name "Native American", "Indian" or an Indian tribe suggests that the product is Indian made and an Indian product under the IACA.

17.    A non-Indian maker of products in an Indian style motif and design cannot utilize the terms "Indian," "Native American" or the name of a particular Indian tribe in advertising or marketing said products unless said maker qualifies the usage of such terms so that consumers are not suggested to be purchasing authentic Indian-made products. Native American Arts, Inc. v. The Waldron Corporation, 399 F.3d 871 (7th Cir. 2005).

11

18.     The products advertised, marketed, offered, displayed for sale and sold by Defendant are in a traditional Indian style, composed of Indian motifs and designs.

19.     The products displayed for sale by Defendant did use the unqualified term "Indian".

20.     The Internet website displays promoting Defendant's products are advertisements and constitute advertising activity.   Such advertising contains the use of the unqualified term "Indian".

21.     At various times relevant hereto, Defendant has been advertising, marketing, offering, displaying for sale and selling products with different advertisements and different products through different advertisements, advertising activities and mediums, in a manner that falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States.

22.     For substantial periods of time since December 31, 2004 and continuously thereafter to the present date, Defendant advertised, marketed, offered and displayed for sale and sold goods in a manner that falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of art, crafts and artworks in a traditional Indian style or medium.

23.     The Indian-style goods advertised, displayed, offered for sale and sold by Defendant since December 31, 2004, including those advertised, sold, displayed and offered for sale alleged herein, are not and were not Indian produced, an Indian product made by an Indian or the product of an Indian arts and crafts organization resident in the United States or an non-

12

member Indian artisan certified by an Indian tribe, all as defined in 25 U.S.C. §305 et. seq. and the regulations thereunder.

24.    Defendant's advertisement, display, offering for sale and sale of Indian style goods in a manner that falsely suggests they are Indian products, Indian produced or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States is illegal and should be enjoined in that no adequate remedy at law exists and Plaintiff will be irrevocably injured and damages will be difficult to measure.

25.    Native American Arts has been injured and damaged as a result of Defendant's actions alleged herein. Native American Arts is a competitor of Defendant and has suffered competitive injuries as a result of Defendant's actions alleged herein, as well as other damages including (1) Native American Arts lost sales and sales opportunities as a direct and indirect result of the Defendant's offer, display and sale of similar Indian-style products to those offered, displayed and sold by Native American Arts through similar mediums and markets, (2) Defendant's imitation products drove down prices of authentic Indian products, forcing Plaintiff to offer its authentic products at lower prices, (3) that Plaintiff has suffered a loss of goodwill and reputation because of Defendant's counterfeit product and (4) that Defendant's had a gross profit on the products alleged herein.  Native American Arts advertises, markets and sells authentic Indian-made products similar to those products advertised, offered, displayed and sold by Defendant falsely suggested to be Indian-made products, including but not limited to, arts, crafts, jewelry and artworks in a traditional Indian style or medium.  Native American Arts displays, advertises, offers, markets and sells authentic Indian-made products through various mediums including, but not limited to, newspaper advertisements, radio, signs, catalogs, brochures, internet, mailed solicitations, miscellaneous and in-store retail displays.

26.    The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's misappropriation of Native American Art, Inc.'s advertising ideas and style of doing business.  Native American Arts' advertising idea and style of doing business is to emphasize and state that its products are authentic Indian products made by Native Americans.  Native American Arts capitalizes upon the goodwill associated with Indian-made products as an advertising and marketing idea concerned with persuading consumers to buy its Indian products. This is Native American Arts' advertising idea, advertising theme, advertising concept, title, style and slogan.  Defendant inappropriately used the advertising concept of authentic Indian products in advertising their goods as its advertising idea, style of doing business, advertising theme, concept, title, style and slogan by falsely suggesting their products were Indian made Indian products.

27.    The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's infringement of title by falsely suggesting and misrepresenting that its products were Indian made when they were not.

28.    The injuries suffered by Native American Arts under the IACA include but, are not limited to, injury to reputation and good will arising out of Defendant's use of another's advertising idea by falsely suggesting and misrepresenting that its products were Indian made when they were not.

29.    The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's infringing upon Native American Arts' slogan by falsely suggesting and misrepresenting that its products were Indian made when they were not.

14

30.     Liability for compensatory damages under the IACA is strict liability and not dependent upon intentional conduct as ruled in the case of Ho-Chunk et. al., v. Village Originals, Inc. 25 F. Supp.2d 876 (N.D.Il. 1998) and Ho-Chunk v. Natures Gifts, Inc., 1999 U.S. Dist. Lexis 3687 (N.D. Il. 1999).

31.     Title 25 U.S.C. §305e (a) provides for damages of the greater of treble damages or $1,000 for each day on which the offer or display for sale of a good falsely suggested to be Indian produced, an Indian product, or the product of an Indian, an Indian tribe, or an Indian arts and crafts organization continues.

32.     Native American Arts is an Indian arts and crafts organization entitled to the damages alleged herein.

33.     The exact amount of damages is presently unknown, but is believed to exceed twenty-five million dollars ($25,000,000.00).

34.     Title 25 U.S.C. §305e (a) also provides for injunctive and other equitable relief.

35.     Substantial amounts for attorney's fees and costs of suit have been or are being incurred for which reimbursement and payment is hereby sought.

WHEREFORE, Plaintiff Native American Arts, Inc. prays for the entry of judgment against Defendants, and:

(a) for an award of compensatory damages in an amount to be determined but believed to exceed twenty-five million dollars ($25,000,000.00);

(b) reasonable attorneys fees and costs of suit;

(c) a temporary restraining order, preliminary injunction and permanent injunction; and

(d) such other and further relief as this Court deems just and deserving.

15

_Michael P. Mullen_

One of the attorneys for Plaintiff
Native American Arts, Inc.

Michael P. Mullen
Scott M. Kolosso
MULLEN & FOSTER
203 N. Wabash Ave., Suite 2300
Chicago, IL  60601
312-750-1600

16

## JURY DEMAND

Plaintiff Native American Arts, Inc. hereby demands trial by Jury.


*Michael P. Mullen*

One of the attorneys for Plaintiff
Native American Arts, Inc.



EXHIBIT

A

















EXHIBIT
D







EXHIBIT
D-1





EXHIBIT

E



EXHIBIT
E-1















EXHIBIT
G







EXHIBIT
G-1









EXHIBIT
H-1







EXHIBIT
I







EXHIBIT

J







EXHIBIT

K



EXHIBIT

L



EXHIBIT

M



EXHIBIT

N



EXHIBIT







EXHIBIT
O-1







LEATHER INDIAN VASE



EXHIBIT
P-1



EXHIBIT

Q





BRAVE W/WAR PONY BUST





EXHIBIT

R



EXHIBIT

S









EXHIBIT

S-1



EXHIBIT

T









EXHIBIT
T-1





EXHIBIT

U











EXHIBIT
V











EXHIBIT

W







EXHIBIT
W-1



EXHIBIT

X







EXHIBIT

X-1



EXHIBIT

Y





SOUTH-WEST INDIAN STONEWARE JUG



EXHIBIT
Y-1



EXHIBIT

Z





EXHIBIT

Z-1