IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Judge Bucklo |
| | ) | |
| v. | ) | Case No. 07 C 7111 |
| | ) | |
| TRIPPIES, INC. AND TRIPPIES, LLC, | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

## AGREED ORDER BETWEEN PLAINTIFF NATIVE AMERICAN ARTS, INC. AND DEFENDANTS TRIPPIES, INC. AND TRIPPIES, LLC

This cause coming on to be heard on Plaintiff Native American Arts, Inc.'s and Defendants Trippies, Inc. and Trippies, LLC's request for dismissal with prejudice of claims by Native American Arts, Inc. against Trippies, Inc. and Trippies, LLC and entry of this Agreed Order, due notice has been given and the Court being fully advised in the premises.

### THE COURT FINDS AND IT IS HEREBY ORDERED THAT:

1.  Native American Arts, Inc. ("Native American Arts") and Trippies, Inc. and Trippies, LLC have agreed and stipulated to the entry of this Dismissal with prejudice and Agreed Order.

2.  Native American Arts alleges it is a wholly Indian-owned Indian arts and crafts organization involved in the distribution of authentic Indian arts and crafts with its headquarters in the Northern District of Illinois.

3.  Native American Arts is composed of members of an Indian tribe and

1

alleges it meets the definition of authentic Indian arts and crafts organization as defined in Title 25 U.S.C. 305(e).

4. Native American Arts filed an action against Trippies, Inc. in the United States District Court for the Northern District of Illinois, Eastern Division, entitled <u>Native American Arts, Inc. v. Trippies, Inc.</u>, Case Number 07 C 7111 (hereinafter "Pending Litigation"), which alleged violations of the Indian Arts and Crafts Act, 25 U.S.C. §305e and the Indian Arts and Crafts Enforcement Act of 2000 (collectively the "IACA"). On April 24, 2008, Native American Arts filed an Amended Complaint in Case Number 07 C 7111 naming Trippies, LLC, as an additional Defendant.

5. Trippies, LLC sells and offers for sale arts, crafts and jewelry.

6. Without admission of any fact, act, fault or liability whatsoever, Trippies, LLC agrees and consents to the entry of an Injunction against Trippies, LLC in favor of Native American Arts that enjoins and restrains Trippies, LLC, its agents, employees, assigns and any person acting in concert with it, for seven (7) years hereafter, from violating in any way the Indian Arts and Crafts Act, U.S.C. § 305 et. seq., as of the time of execution of this Agreement by offering or displaying for sale or selling goods in a manner that falsely suggests they are Indian produced, an Indian product or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States. If Native American Arts wishes to assert that Trippies, LLC has violated this injunction in any way, it shall give Trippies, LLC written notice of any alleged violation and ninety (90) days thereafter to cure or correct such alleged violation before attempting any enforcement hereof. In the event Native American Arts, considers the alleged violation not to have been remedied within the ninety 90 day cure period,

Native American Arts may petition the Court for such relief as the Court deems necessary. Such petition may not be filed until the expiration of ninety (90) days after providing the original notice. In no event shall the cure by Trippies, LLC of any alleged violation within the sixty (60) day-cure period be considered an admission by Trippies, LLC of a violation by Trippies, LLC of this Agreement or of any law, statute, rule or regulation. Plaintiff and Trippies, LLC agree that the display on its internet website, hang-tags, display cards, catalogues, invoices, marketing or advertising materials of the following disclaimer statements: (1) "Items displayed are not Native American made, unless we specifically state 'made by Native Americans'"; or (2) "Notwithstanding any similarity to or resemblance of [Native American *or* Indian] culture, art or handiwork, the products displayed for sale are not [the product of *or* made by] [Native American *or* Indian] artisans"; or (3) "Items displayed are not Native American made, unless we specifically state '[made *or* produced] by' _and we specify a particular name of a Native American or Indian artist or tribe_"; or (4) "This product is not [the product of *or* made by] [Native American or Indian] artisans"; or (5) "Not made by [Native Americans *or* Indians] shall fully satisfy the requirements of the injunction, the provisions of this paragraph, and shall be deemed full and complete compliance with the Indian Arts and Crafts Act and any rule, regulation or case respecting that Act. This injunction will be effective ninety (90) days from entry of the Court order implementing the injunction. Notwithstanding the foregoing, this Injunction is not applicable to any product, internet website, hang-tag, display card, catalog, invoice, marketing or advertising materials that have already been shipped, mailed or distributed from the premises of Trippies, LLC prior to the effective date of the Injunction order's entry.

7. Upon execution of the settlement agreement, Trippies, LLC will have 90

days to comply with the injunction contained herein against violations of the Indian Arts and Crafts Act. Upon passage of the 90 days all provisions contained herein are effective.

8. The Settlement Agreement is reached in good faith and without collusion.

9. Native American Arts and Trippies, LLC acknowledge that the execution of the Settlement Agreement and entry of the Agreed Order are being made solely for the purposes of compromise, settlement, and expeditious resolution of their disputes and shall not constitute an admission of any fact, act, fault or liability in any way by either party in connection with the claims set forth in the Pending Litigation between the parties or other real or potential controversy, claim or lawsuit that could have been brought by either of them and any such purported admissions are hereby expressly denied by Trippies, LLC and its employees, agents, and affiliates.

10. Native American Arts and Trippies, LLC (collectively the "settling parties") have entered into a Settlement Agreement, the terms of which shall be treated as confidential and not disclosed, which resolved all issues and disputes between the settling parties, provides for this order of dismissal, with prejudice, of all claims by Native American Arts against Trippies, LLC in the Pending Litigation and provides for each party to bear its own costs including attorneys fees pursuant to terms of the Settlement Agreement; and for the Court to retain jurisdiction of the parties to enforce the Settlement Agreement and Agreed Order.

11. The Court finds that there is no just reason for delaying either enforcement or appeal of this Order.

12. The parties agree that no bond is necessary or required for the issuance of the injunction stipulated above and no bond is ordered herein.

13.  The Court shall retain jurisdiction to enforce this Order and the Settlement Agreement reached by the parties.

THIS AGREED ORDER IS HEREBY ENTERED

*[signature]*

JUDGE ELAINE E. BUCKLO
UNITED STATES DISTRICT COURT

DATED: 6-17-08

Michael Patrick Mullen
Scott M. Kolosso
MULLEN & FOSTER
203 N. Wabash Ave., Suite 2300
Chicago, IL 60601
312-750-1600